Isabel Cruz, Petitioner, *v*. Insular Racing Commission of Puerto Rico, etc., Defendants and Appellants.

No. 9183.   Argued January 15, 1946.—Decided February 25, 1946.

*Diego O. Marrero* for appellants.   *Eduardo Ortiz Reyes* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

The petitioner owns a race horse, Yuyín A., which is inscribed in the Stud Book of the Racing Commission. After running in a race held on April 8, 1945, Yuyín A. was suspended by the Race Track Jury for three months and a day for inconsistency. On April 10 this petition was filed, praying for an injunction restraining the defendants—the members of the Commission and the Jury—from enforcing the order of the Jury.

The petitioner alleges that the order of the Jury was made without cause, investigation or hearing, in violation of Rule 96(*h*) of the Regulations of the Commission, thereby depriving her of her property without due process of law; that she was not notified in writing by the Secretary of the Commission at the close of the day's racing of this decision, as required by Rule 113 of the Regulations; and that the Commission has ordered the withdrawal of the horse from a race scheduled to be held on April 11. She alleges that if the decision remains in effect, she will lose a considerable sum in purses which might be won by her horse, and that she has no adequate remedy at law.

On April 11 the district court entered a restraining order. The defendants moved to dismiss on the ground that the petitioner had not exhausted her administrative remedy, inasmuch as the decision of the Jury was appealable to the Commission. At the hearing on this motion, the parties also submitted the motion for a preliminary injunction without the taking of any testimony. The lower court overruled the motion to dismiss and entered an order granting a preliminary injunction, from which the defendants have appealed.

It is true that in *Maldonado* v. *Insular Racing Commission*, 64 P.R.R. 481, *Sifre, etc.* v. *Pellón, etc.*, 54 P.R.R. 559, *Hernández* v. *Insular Racing Commission*, 50 P.R.R. 96, and *Romany* v. *Race Track Jury*, 55 P.R.R. 317, we held that under the circumstances of those cases injunctions should be granted when the Jury imposed penalties without granting a hearing under Rule 96(*h*). But those cases involved more than the denial of a hearing: the decisions of the Jury were not appealable. Consequently, unless a court of equity intervened, the aggrieved parties had no method of obtaining review of the action of the Jury.

We need not re-examine those cases, as the instant case is distinguishable. Here § 18 of the Racing Act [1] provides that decisions of the Jury imposing more than three months' suspension are appealable to the Commission, which must decide such appeals within an unextendable term of ten days. The penalty imposed in this case was suspension for more than three months; the petitioner therefore had a right of appeal to the Commission, which she did not take. As she did not exhaust her administrative remedy, under familiar principles she is not entitled to the remedy of injunction.[2]

---

[1] Act No. 11, Laws of Puerto Rico, 1932 (p. 194), as amended by Act No. 17, Laws of P. R., 1935, Special Session (p. 92).

[2] This case is an obvious application of "the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers* v. *Bethlehem Corp.*, 303 U. S. 41, 50, 51, and cases cited in footnote 9;

■ The district court felt that despite this right of appeal, an injunction should be granted because § 20 of the Racing Act[3] provides that an appeal from a decision of the Jury does not operate as a stay. But it must be remembered that there is a great public interest in strict supervision of racing and prompt suppression of improper practices by those engaged in it. Frequently, if the decision of the Jury is to be fully effective, it must be made on the spot immediately after the offense occurs. In view of this public interest, a delay of ten days in obtaining a decision on appeal from the Commission, during which time the adverse decision of the jury remains in effect, does not prejudice the petitioner to such an extent that the courts would be warranted in bypassing the prompt administrative remedy provided by law and granting forthwith the extraordinary relief of injunction. Cf. *Power Electric Co.* v. *Buscaglia, Treas.*, 63 P.R.R. 945; *Fernández* v. *Buscaglia, Treas.*, 60 P.R.R. 582. Indeed, the sequence of events here demonstrates that the Commission rather than the courts is the place where speedy disposition of such cases can be achieved. We believe that the right of appeal to the Commission, coupled with the right to a decision within ten days, adequately protects the petitioner.[4]

The order of the district court will be reversed and a judgment entered dismissing the petition.

Mr Justice Todd, Jr., did not participate herein.

---

*Levers* v. *Anderson*, 328 U. S. 866; *Felicie et al.* v. *P. R. Racing Corp. et al.*, 38 P.R.R. 423, 428–9; *Axtmayer* v. *Kessinger*, 32 P.R.R. 844; *Nieves* v. *Lutz*, 45 P.R.R. 619; *Pérez* v. *Garrido, Commissioner*, 48 P.R.R. 445; *Peña* v. *Flores*, 58 P.R.R. 773.

[3] Act No. 11, as amended by Act No. 9, Laws of Puerto Rico, 1936 (p. 178).

[4] Cf. the cases which hold that in some types of cases an order of temporary suspension made without notice or hearing is valid if followed by a hearing on the merits on the issue of permanent suspension. Gellhorn, Administrative Law, Cases and Comments, pp. 379–82.